AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

Case 1:03-cr-00017-SPW   Document 65   Filed 03/12/04   Page 1 of 7

FILED AND ENTERED
IN CRIMINAL DOCKET
3-12-04
PATRICK E. DUFFY, CLERK
By _____ Deputy

# UNITED STATES DISTRICT COURT

BILLINGS DIVISION      District of     MONTANA

UNITED STATES OF AMERICA
V.
QUINTON BIRDINGROUND

**JUDGMENT IN A CRIMINAL CASE**

Case Number: CR 03-17-BLG-RFC-01

USM Number: 07696-046

Palmer Hoovestal
Defendant's Attorney

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

X was found guilty on count(s)    1, 2, 3
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1153;1111 | Second degree murder - CIR | 02-08-03 | 1 |
| 18:1153;113(a)(6) | Assault resulting in serious bodily injury | 02-08-03 | 2 |
| 18:924(c)(1)(A)(iii) | Use of a firearm during crime of violence | 02-08-03 | 3 |

The defendant is sentenced as provided in pages 2 through   6   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 11, 2004
Date of Imposition of Judgment

_____
Signature of Judge

Richard F. Cebull, U.S. District Court
Name and Title of Judge

March 12, 2004
Date

DEFENDANT: Quinton Birdinground
CASE NUMBER: CR 03-17-BLG-RFC-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 288 months

This consists of 168 months on Count 1; 120 months on Count 2, to run concurrent to Count 1; and 120 months on Count 3, to run consecutive to Counts 1 and 2, for a total of 288 months.

- [X] The court makes the following recommendations to the Bureau of Prisons:
  That defendant be designated to the Sandstone, WI facility and that he participate in a DAP program.

- [X] The defendant is remanded to the custody of the United States Marshal.

- [ ] The defendant shall surrender to the United States Marshal for this district:
  - [ ] at _____ [ ] a.m. [ ] p.m. on _____.
  - [ ] as notified by the United States Marshal.

- [ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  - [ ] before 2 p.m. on _____.
  - [ ] as notified by the United States Marshal.
  - [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Quinton Birdinground
CASE NUMBER: CR 03-17-BLG-RFC-01

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :   5 years

This is 5 years on each of Counts 1 and 3, and 3 years on Count 2, to run concurrent.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Quinton Birdinground
CASE NUMBER: CR 03-17-BLG-RFC-01

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit his/her person, residence, place of employment or vehicle to a search, conducted by a U. S. Probation Officer, based on reasonable suspicion of contraband or evidence in violation of a condition of release. Failure to submit to search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to the condition.

2. The defendant shall abstain from the consumption of alcohol and shall not enter establishments where alcohol is the primary item of sale. This condition supercedes standard condition number seven (7) with respect to alcohol consumption only.

3. The defendant shall participate in and complete a program of substance abuse testing and treatment as approved by the U.S. Probation Office, until the defendant is released from the program by the probation officer. The defendant is to pay part or all of the cost of this treatment, as determined by the U.S. Probation Officer.

4. The defendant shall comply with the State of Montana Violent Offender Registration Requirements for convicted violent offenders, pursuant to Montana Codes Annotated § 46-23-504.

5. Pursuant to the Violent Crime Control Act of 1994, the defendant is required to notify the U. S. Probation Office ten (10) days prior to change of address.

6. Defendant shall pay restitution in the amount of $446.98 in accordance with instructions from the United States Probation Office.

Judgment — Page 5 of 6

| DEFENDANT: | Quinton Birdinground |
| CASE NUMBER: | CR 03-17-BLG-RFC-01 |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine | Restitution |
|--------|------------|------|-------------|
| TOTALS | $ 300.00   | $    | $ 446.98    |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Mr. & Mrs. Joe Pickett | | $446.68 | |
| **TOTALS** | $ _____ | $ 446.68 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

DEFENDANT: Quinton Birdinground
CASE NUMBER: CR 03-17-BLLG-RFC-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** [x] Lump sum payment of $ __300.00__ due immediately, balance due

    [ ] not later than _____ , or
    [x] in accordance    [ ] C,   [ ] D,   [ ] E, or   [x] F below; or

**B** [ ] Payment to begin immediately (may be combined with   [ ] C,   [ ] D, or   [ ] F below); or

**C** [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** [ ] Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** [x] Special instructions regarding the payment of criminal monetary penalties:

Restitution payments shall be made to the Clerk, U.S. District Court, 316 N. 26th Street, Room 5405, Billings, Montana 59103, to be distributed to Mr. and Mrs. Joe Pickett.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

| | |
|---|---|
| DEFENDANT: | Quinton Birdinground |
| CASE NUMBER: | CR 03-17-BLG-RFC-01 |
| DISTRICT: | Montana, Billings Division |

# STATEMENT OF REASONS
(Not for Public Disclosure)

X **THE COURT ADOPTS THE PRESENTENCE REPORT AND GUIDELINE APPLICATIONS WITHOUT CHANGE.**

## OR

☐ **THE COURT ADOPTS THE PRESENTENCE REPORT AND GUIDELINE APPLICATIONS BUT WITH THESE CHANGES**: (Use Page 3, if necessary.)

   ☐ **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level or specific offense characteristics):

   ☐ **Chapter Three of the U.S.S.G. Manual** adjustment determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

   ☐ **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

☐ **THE COURT ADOPTS THE PRESENTENCE REPORT WITH THESE COMMENTS OR FINDINGS** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions. Specify court comments or findings, including paragraphs in the presentence report.) (Use Page 3, if necessary.)

**GUIDELINE RANGE DETERMINED BY THE COURT (BEFORE DEPARTURES):**

Total Offense Level: __33__

Criminal History Category: __I__

Imprisonment Range: __135 to 168 mos. on__ Ct. 1; NMT 10 yrs. on Ct. 2; and NLT 10 yrs. on Ct. 3

Supervised Release Range: __2__ to __5__ years

Fine Range: $ __17,500__ to $ __175,000__

X Fine waived or below the guideline range because of inability to pay.

☐ **THE SENTENCE IS WITHIN THE GUIDELINE RANGE, THAT RANGE DOES NOT EXCEED 24 MONTHS, AND THE COURT FINDS NO REASON TO DEPART.**

## OR

X **THE SENTENCE IS WITHIN A GUIDELINE RANGE, THAT RANGE EXCEEDS 24 MONTHS, AND THE SPECIFIC SENTENCE IS IMPOSED FOR THESE REASONS: SEE PAGE 4 OF THIS STATEMENT.**