**LORI HARPER SUEK**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**James F. Battin U.S. Courthouse**
**2601 Second Avenue North, Suite 3200**
**Billings, MT 59101**
**Phone:        (406) 247-4645**
**FAX:          (406) 657-6989**
**Email:        Lori.Suek@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>     **Plaintiff/Respondent,**<br><br>**vs.**<br><br>**QUINTON BIRDINGROUND, JR.,**<br><br>     **Defendant/Movant.** | **CR 03-17-BLG-SPW**<br><br>**UNITED STATES' MOTION TO DISMISS AND RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255** |

### INTRODUCTION

Quinton Birdinground Jr. seeks relief under 28 U.S.C. § 2255.

Birdinground argues that second degree murder and assault resulting in serious

bodily injury[1]  are crimes that do not fall within the "force" clause of 18 U.S.C.

---

[1]  Birdinground filed his motion asserting that he was convicted, in count II of the

§ 924(c) to qualify as crimes of violence.    He further asserts that the "residual"

clause in § 924(c)(3)(B) is void for vagueness in light of the holdings in *Johnson v.*

*United States*, ___ U.S. ___,135 S.Ct. 2551 (2015), and *Dimaya v. Lynch,* 803 F.3d

1110 (9th Cir. 2015).

    As an initial matter, Birdinground's claim is time-barred and procedurally

flawed and, consequently, should not be addressed on its merits.    Specifically,

Birdinground's motion is untimely and should be dismissed.    28 U.S.C.

§ 2255(f)(1).    Additionally, Birdinground's claim is subject to dismissal because

he failed to raise the issue on direct appeal.

    If the Court chooses to reach the merits of his argument, Birdinground is

wrong that the crimes of second degree murder and assault resulting in serious

bodily injury do not qualify as a crimes of violence under the "force" clause,

§ 924(c)(3)(A).    *See United States v. Checora*, ___ F.Supp.2d ___, 2015 WL

9305672 at *3-6 (D. Utah Dec. 21, 2015); *United States v. Juvenile Female*, 566

F.3d 943, 948 (9th Cir. 2009).    He is also incorrect in his assertion that *Johnson*

---

indictment, of assault with intent to commit murder.    Count II of the indictment
charged the crime of assault resulting in serious bodily injury; Birdinground was
convicted of assault resulting in serious bodily injury.    Birdinground's mistake is
understandable given that the docket report incorrectly identifies the crime charged
in count II of the indictment as assault with intent to commit murder.

    The United States will not respond to Birdinground's argument regarding the
crime of assault with intent to commit murder but, instead, will address whether the
crime of assault resulting in serious bodily injury is a crime of violence under the
force clause of 18 U.S.C. § 924(c)(3)(1).

and *Dimaya* are controlling as to the residual clause under § 924(c)(3)(B).   The

"residual" clause under 924(c)(3)(B) is not unconstitutionally vague because both

*Johnson* and *Dimaya* are distinguishable.   *Johnson* invalidated a different statute,

18 U.S.C. § 924(e), and its logic does not extend to the narrow language and

structure of § 924(c).   Similarly, *Dimaya* remains limited to immigration cases

and contains different contextual language from § 924(c).   In neither case was the

definition contextually limited to crimes involving the presence of a firearm.

Therefore, the "residual" clause under § 924(c) remains valid.

## PROCEDURAL BACKGROUND

On February 21, 2003, Birdinground was charged in a three-count

indictment with second degree murder, assault resulting in serious bodily injury,

and use of a firearm during and in relation to the crimes of second degree murder

and assault resulting in serious bodily injury, crimes of violence.   Doc. 10.

Birdinground was convicted by a jury of all three counts of the indictment on

December 18, 2003.   Doc. 53.   On March 11, 2004, Birdinground was sentenced

to 168 months on the second degree murder conviction, 120 months for the assault

resulting in serious bodily injury, and a consecutive 120 months for using a firearm

during the murder and assault.   Doc. 64.   Birdinground filed an appeal, but he

did not raise the issues that he has raised in this motion.   On June 24, 2016, over

twelve years after he was sentenced, he filed this motion under 28 U.S.C. § 2255.
Doc. 86.

## ARGUMENT

### I.   Birdinground's § 2255 petition is untimely.

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996
("AEDPA") in order "to advance the finality of criminal convictions."   *Mayle v.
Felix*, 545 U.S. 644, 662 (2005).   To accomplish that goal, AEDPA places strict
time limitations on filing motions under § 2255.   Section 2255(f)(1) contains a
one-year period of limitation that runs from the date on which the judgment of
conviction becomes final during which a prisoner may file a motion under § 2255.

Pursuant to § 2255(f)(3), a movant may avoid the one-year limitations
period of 2255(f)(1).   Additional time is only granted to a movant that can assert a
right "newly recognized by the Supreme Court and made retroactively applicable
to cases on collateral review."   In that limited set of cases, the movant must then
file a motion within one year of "the date on which the right asserted was initially
recognized by the Supreme Court[.]"

Birdinground may argue that his petition is timely under § 2255(f)(3),
because it was filed within one year of the *Johnson* decision, which was handed
down on June 26, 2015, and is retroactive to cases on collateral review, *see Welch*

*v. United States*, 136 S.Ct. 1257, 1268 (2016).   But *Johnson* does not involve 18 U.S.C. § 924(c), so Birdinground's claim does not implicate a right initially recognized in *Johnson*.   That makes his motion untimely under § 2255(f)(3) as well.

*Johnson* held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague.   Nowhere in the *Johnson* decision, however, is § 924(c) mentioned.   Nevertheless, Birdinground asks this Court to take the logic of *Johnson* and extend it to § 924(c). Unfortunately for Birdinground, the triggering mechanism for extending the statute of limitations under 28 U.S.C. § 2255(f)(3) —"a right newly recognized by the Supreme Court"— means that only the Supreme Court can extend *Johnson* to § 924(c) in a meaningful way for him.   *See Dodd v. United States*, 545 U.S. 353, 357 (2005) ("What Congress has said in [§ 2255(f)(3)] is clear:   An applicant has one year from the date on which the right he asserts was initially recognized by this Court."); *E.J.R.E. v. United States*, 453 F.3d 1094,1098 (8th Cir. 2006) (decisions from courts of appeals cannot trigger § 2255(f)(3)).   Because the Supreme Court did not address § 924(c)'s residual clause, § 2255(f)(3) cannot possibly apply, and Birdinground's motion must be dismissed as untimely.

## II.   Birdinground's motion under § 2255 is procedurally barred.

Birdinground did not raise his current claims on appeal.   The Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal."   *United States v. Frady*, 456 U.S. 152, 165 (1982). Therefore, when a defendant fails to raise an issue on direct appeal, he is barred from raising it in a § 2255 motion unless he can show (1) "cause excusing his procedural default and actual prejudice resulting from the errors of which he complains"; or (2) "that a fundamental miscarriage of justice will occur if his claim is not addressed."   *United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012).

Birdinground cannot show cause to excuse his procedural default. Although cause may exist where a claim "is so novel that its legal basis is not reasonably available to counsel," the mere fact that a claim relies on new Supreme Court authority does not satisfy this requirement.   *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quotation omitted); *United States v. Barajas-Diaz*, 313 F.3d 1242, 1248 (10th Cir. 2002); *see also United States v. Watkins*, 45 Fed. Appx. 838, 839 (10th Cir. 2002) (unpublished) (holding that claim based on intervening Supreme Court decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), was not novel and, thus, procedurally defaulted); *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (holding that *Apprendi* claim was "available" and

procedurally defaulted, even though "the *Apprendi* decision caused an about-face

in our understanding of what constitutes an element of an offense").   Nor does it

suffice that a particular legal argument was "futile," in the sense that it was

"unacceptable to that particular court at that particular time."   *Daniels v. United*

*States*, 254 F.3d 1180, 1191 (10th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622));

*United States v. Smith*, 241 F.3d 546, 548 (7th Cir. 2001) ("[E]ven when the law is

against a contention, a litigant must make the argument to preserve it for later

consideration.").   The question is "not whether subsequent legal developments

have made counsel's task easier, but whether at the time of the default the claim

was 'available' at all."   *Daniels*, 254 F.3d at 1191.

Birdinground cannot show that a challenge to the § 924(c) residual clause on

constitutional vagueness grounds was so novel that it was not reasonably available

on direct appeal.   To the contrary, defendants were asserting that the residual

clause, at least under ACCA, was unconstitutionally vague long before *Johnson*

was decided.   *Ross v. United States*, 2016 WL 2642272, at *3 (W.D. Wis. May 6,

2016); *see, e.g.*, *United States v. Cowan*, 696 F.3d 706, 708-09 (8th Cir. 2012);

*United States v. Mobley*, 687 F.3d 625, 632 n.7 (4th Cir. 2012); *United States v.*

*Tichenor*, 683 F.3d 358, 366-67 (7th Cir. 2012).   And a Supreme Court Justice

had expressly welcomed such a claim under the ACCA.   *Sykes v. United States*,

564 U.S. 1, 28 (2011) (Scalia, J., dissenting).    Thus, Birdinground cannot

establish cause excusing his failure to raise his claim on direct appeal.    *Ross*,

2016 WL 2642272, at *3 (finding guidelines-based *Johnson* claim procedurally

defaulted).

Birdinground also cannot show a "fundamental miscarriage of justice,"

because that exception is categorically inapplicable to Birdinground's claim.    A

"fundamental miscarriage of justice" occurs only when a defendant is actually

innocent.    *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *McGaughy*, 670 F.3d at

1159.    "[A] defendant cannot be actually innocent of a noncapital sentence,"

however.    *United States v. Denny*, 694 F.3d 1185, 1191 (10th Cir. 2012)

(quotation omitted).    Accordingly, "[t]he fundamental-miscarriage-of-justice

exception to procedural default does not apply to noncapital sentencing claims."

*United States v. Blaze*, 78 Fed. Appx. 60, 63 n.5 (10th Cir. 2003) (unpublished).

### III.   Birdinground's convictions for second degree murder and assault resulting in serious bodily injury are crimes of violence under the "force" clause; therefore the "residual" clause and *Johnson* are not applicable.

Even if the Court were to find Birdinground's motion was procedurally

proper, it should nevertheless deny his motion on the merits because second degree

murder and assault resulting in serious bodily injury are crimes of violence under

§ 924(c)(3)(A).    In order to deny Birdinground's motion, this Court need only find

that one of the crimes qualifies as a crime of violence.   *See United States v. Castaneda*, 9 F.3d 761, 765 (9th Cir.1993), *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053 (9th Cir.2000)(Under 18 U.S.C. § 924(c), the United States must prove an underlying predicate offense as defined by the statute and the use of a firearm during and in relation to that offense).

### A.  Statutory Framework.

Section 924(c)(1) provides for an enhanced punishment for a defendant who uses, carries, or possesses a firearm "during and in relation to any crime of violence."   18 U.S.C. § 924(c)(1).   The statute defines a "crime of violence" as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* at § 924(c)(3).   Section 924(c)(3)(A) is referred to as the "force clause" of the statute, while section 924(c)(3)(B) is referred to as the "residual clause."

In this case, Birdinground was convicted of second degree murder and assault resulting in serious bodily injury.

Second degree murder, a violation of 18 U.S.C. § 1111, has two types of elements, a conduct element and a mental state element. *Checora*, ___ F.Supp.2d ___, 2015 WL 9305672 at *4. To sustain a conviction for second degree murder, the United States must prove: (1) the unlawful killing of a human being (conduct element) with (2) malice aforethought (intent element). *United States v. Pineda-Doval*, 614 F.3d 1019, 1037 (9th Cir. 2010); *Checora*, ___ F.Supp.2d ___, 2015 WL 9305672 at *4. The intent element, malice aforethought, " covers four different kinds of mental states: (1) intent to kill; (2) intent to do serious bodily injury; (3) depraved heart (*i.e.* reckless indifference); and (4) intent to commit a felony." *Pineda-Doval*, 614 F.3d at 1037.

The federal assault statute, 18 U.S.C. § 113, defines and punishes seven forms of assault, one of which is assault resulting in serious bodily injury. The statute provides:

> Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:
>
> > (6) Assault resulting in serious bodily injury by a fine under this title or imprisonment for not more than ten years, or both.

18 U.S.C. § 113(a)(3). Although the statute does not define assault, the Ninth Circuit has adopted the common law definition:

(1)   a willful attempt to inflict injury upon the person of another, . . . or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.

*United States v. Rocha*, 598 F.3d 1144, 1148 (9th Cir. 2010).

**B.    Second degree murder is a crime of violence under § 924(c)(3)(A)'s elements/force clause.**

Birdinground argues that second degree murder does not qualify as a crime of violence because it does not require either intentional conduct or physical force. Without both elements – intentional conduct and physical force – he argues that the crime cannot categorically be considered a "violent crime" under the § 924(c)(3) force clause.    Birdinground is wrong.

In *Checora*, the district court in Utah considered arguments similar to those raised here by Birdinground, but in the context of a pretrial motion to dismiss a § 924(c) charge rather than a post-conviction challenge under § 2255.    The defendant in *Checora* argued that the § 924(c) count should be dismissed because the predicate crimes of violence alleged, one of them being second degree murder, were not crimes of violence.    *Checora*, ___ F.Supp.3d ___, 2015 WL 9305672 at *1.    In holding that second degree murder is a crime of violence and an appropriate predicate offense for a § 924(c) charge, the *Checora* court rejected the defendant's argument that second degree murder is not a crime of violence.

11

Addressing a claim similar to Birdinground's claim that second degree murder does not require intentional conduct, *Checora* began with the premise that it could not fathom a situation in which a death could be caused without physical force.   *Checora*, ___ F.Supp.3d ___, 2015 WL 9305672 at *4 (because "[i]t is impossible to cause bodily injury without applying force," . . . it is impossible to cause death without applying physical force.") (citations omitted).   The court further explained its reasoning:

> In a murder case, the defendant is charged with some physical conduct that actually kills another person.   It is hard to imagine conduct that can cause another to die that does not involve physical force against the body of the person killed.

*Id.*   Checora was not out in left field in so holding, because its reasoning is in line the Supreme Court's decision in *United States v. Castleman*, ___ U.S. ___, 134 S. Ct. 1405 (2014), which defined "physical force" as any "'force exerted by and through concrete bodies,' as opposed to 'intellectual force or emotional force,'" and it encompasses even an "indirect application."   *Castleman*, 134 S. Ct. at 1414-15; *Checora*, 2015 WL 9305672 at *4.   Consequently, *Checora* concluded that the crime of second degree murder does require physical force.

Birdinground cannot ignore *Castleman* and, consequently, he admits that "indirect force" can be sufficient to qualify as a crime of violence.   But Birdinground asserts that the crime of second degree murder is even broader than

those crimes punishing "indirect force" because it can be committed by a pure failure to act.   *See* Motion (Doc. 86) at 19.   He relies on *United States v. Thompson*, 744 F.2d 1065, 1067 (4th Cir. 1984), for this proposition.

Although the defendants, in *Thompson*, were charged with murder for starving their son, conduct that Birdinground describes as an omission rather than a commission, both defendants (parents) were ultimately convicted of involuntary manslaughter.   *Thompson*, 744 F.2d at 1066-67.   Consequently, even if Birdinground is right that *Thompson* involved purely omission rather than any action on the part of the defendants, because *Thompson* involves convictions for the crime of involuntary manslaughter rather than second degree murder, it is inapposite to the question posed here.   Birdinground provides no example of "failure to act" conduct that resulted in a conviction for second degree murder.

The *Checora* court also addressed Birdinground's argument that second degree murder is not a crime of violence because malice aforethought can be established through reckless conduct.   *Checora* did so by using the modified categorical approach.   *Checora*, ___ F.Supp.3d ___, 2015 WL 9305672 at **5-6. It is unnecessary to decide whether the *Checora* should have used the modified categorical approach versus the categorical approach, because the lay of the land

regarding reckless conduct and whether it can be a crime of violence has changed recently.

*Checora* was decided in December of 2015, over six months before the Supreme Court's recent decision in *Voisine v. United States*, ___ U.S. ___, 136 S. Ct. 2272 (2016).   In *Voisine*, the Supreme Court held that recklessness can give rise to a domestic crime of violence under a force clause contained in 18 U.S.C. 921(a)(33)(A).   *Id.* at 2282.   Consequently, there is no need to analyze whether the Checora court was correct in using the modified categorical approach, because the *Checora* court did not have the benefit of *Voisine*.   Supreme Court law now holds that reckless conduct can qualify as a crime of violence.   Birdinground's argument to the contrary, relying on case law that predated *Voisine*, fails.

> ## C.   Assault resulting in serious bodily injury is a crime of violence under § 924(c)(3)(A)'s elements/force clause.

The United States assumes that Birdinground would have made similar arguments about the crime of assault resulting in serious bodily injury as he did about the crime of assault with intent to commit murder.   Birdinground argues that because the crime of assault with intent to commit murder does not require the use or threatened use of force as purportedly required by the section 924(c)(3) force clause, it cannot categorically be considered a "violent crime" under the

§ 924(c)(3) force clause.    Birdinground is wrong as to the crime of assault

resulting in serious bodily injury.

Assault resulting in serious bodily injury is a crime of violence under the

§ 924(c)(3)'s force clause because it always requires use of physical force.

*See, e.g., Juvenile Female*, 566 F.3d at 948.    Using the same definitions for assault

and dangerous weapon as apply to § 113, the Ninth Circuit, in *Juvenile Female,*

held that assault resulting in bodily injury under a companion statute, 18 U.S.C.

§ 111(b), is a crime of violence under 18 U.S.C. § 16(a).[2]    *Id.*    In *Juvenile*

*Female*, the Ninth Circuit reasoned:

> A defendant charged [with] . . . assault resulting in bodily injury, necessarily
> must have committed an act of force in causing the injury.

*Id.*    The language of § 16(a) and § 924(c)(3)(A) is virtually identical.

| Section 16(a): | Section 924(c)(3)(A) |
|---|---|
| An offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another. | A felony that has as an element the use, attempted use, or threatened use of physical force against the person of another. another. |

Birdinground may argue that *Juvenile Female* runs afoul of *Johnson v.*

*United States*, 559 U.S. 133, 140 (2010) (*Johnson I*), because it did not explicitly

---

[2] 18 U.S.C. § 16(a) defines "crime of violence" as "an offense that has as an element
the use, attempted use, or threatened use of physical force against the person or
property of another."

identify the particular level of force required for a § 111(b) conviction, in other

words it did not explicitly state that § 111(b) requires the use of "violent force"

as required by *Johnson I.*   That argument would ignore the fact that, by the time

that *Juvenile Female* was decided, the Ninth Circuit had already established a

"violent force" requirement under § 16(a).   *See, e.g., Sareang Ye v. I.N.S.*, 214

F.3d 1128, 1133 (9th Cir. 2000) (holding that "the force necessary to constitute a

crime of violence [under § 16] must actually be violent in nature"); *Ortega-Mendez

v. Gonzales*, 450 F.3d 1010, 1016 (9th Cir. 2006) ("Consistent with [the Supreme

Court's decision in] *Leocal*, we have squarely held that the force necessary to

constitute a crime of violence under 18 U.S.C. § 16(a) must actually be violent in

nature.")   The crime of violence analysis in *Juvenile Female* begins by quoting

this same statement.   *See Juvenile Female*, 566 F.3d at 947.

Additionally, the reasoning of *Juvenile Female* is in line with a number of

other Ninth Circuit decisions rejecting crime of violence challenges to battery and

assault statutes that require some level of resulting bodily injury.   *See, e.g.,

United States v. Lawrence*, 627 F.3d 1281, 1284-87 (9th Cir. 2010) (holding that a

state statute criminalizing the "reckless infliction of substantial bodily harm in the

course of an intentional assault" is a violent felony under the ACCA force clause);

*United States v. Laurico-Yeno*, 590 F.3d 818, 822 (9th Cir. 2010) (A California

state statute "does not penalize minimal, nonviolent touchings.    It penalizes the

intentional use of force that results in a traumatic condition.    This . . .    covers a

category of 'violent active crimes.'")

In sum, under the controlling authority of *Juvenile* Female, because assault

resulting in serious bodily injury always requires physical force, it is categorically

a crime of violence under § 924(c)(3)(A).

> **D.    Because second degree murder and assault resulting in serious bodily injury are categorically crimes of violence under the force clause, the Court need not decide whether the residual clause is unconstitutionally vague.**

Neither *Johnson* nor *Dimaya* impact Birdinground's case.    In *Johnson*, the

Supreme Court held that ACCA's residual clause, *i.e.*, the provision that defines a

"violent felony" to include an offense that "otherwise involves conduct that

presents a serious potential risk of physical injury to another," 18 U.S.C.

§ 924(e)(2)(B)(ii), is vague and "violates the Constitution's guarantees of due

process."    *See Johnson*, 135 S. Ct. at 2563.    But the residual clause of

§ 924(c)(3)(B) and the residual clause of ACCA contain very distinct provisions.

Accordingly, § 924(c)'s residual clause does not reveal the same constitutional

defects as ACCA's residual clause, and § 924(c)(3)(B) can readily survive

constitutional scrutiny under the due process principles reaffirmed in *Johnson*.

The reasons that convinced the *Johnson* Court to find ACCA's residual clause vague are not present in this case. Specifically, the Supreme Court determined that the residual clause left uncertainty concerning "how to estimate the risk posed by a crime." *Id.* at 2557. The Court expressed concern that the assessment was tied to considering risk in an "ordinary case," without accounting for "real-world facts or statutory elements." *Id.* The Court further considered "how much risk it takes for a crime to qualify as a violent felony." *Id.* at 2558. The Court deduced that ACCA's structure "force[d] courts to interpret 'serious potential risk' in light of the four enumerated crimes, which was problematic because the degree of risk posed by the enumerated crime was 'far from clear.' " *Id.* The Supreme Court emphasized that its decision did not affect other statutes that used terms like "substantial risk" where those terms were not linked to "a confusing list of examples," such as the list of crimes enumerated before § 924(e)'s residual clause. *Id.* at 2561.

Moreover, the Ninth Circuit specifically extended the reasoning in *Johnson* to the immigration context through 18 U.S.C. § 16(b) in *Dimaya*. In *Dimaya*, a divided panel held that the crime of violence definition contained in 18 U.S.C. §16(b) was unconstitutionally vague in light of *Johnson*. *Id.* at 1120. The Ninth Circuit considered the language of § 16(b) as it was incorporated through an

immigration statute.   *See id.*; 8 U.S.C. § 1101(a)(43)(F).   *Dimaya* concluded that

the reasoning in *Johnson* "applies with equal force to the similar statutory language

and identical mode of analysis used to define a crime of violence for purpose of the

[Immigration and Nationality Act]."   *Id.* at 1115.   The opinion in *Dimaya*

contained a limiting footnote stating that the "decision does not reach the

constitutionality of applications of 18 U.S.C. § 16(b) outside of [immigration law's

aggravated-felony provision.]"   *Id.* at 1120, n. 17; *but see United States v.*

*Hernandez-Lara*, 817 F.3d 651, 653 (9th Cir. 2016) (finding "no reason *Dimaya*

does not control" the application of § 16(b) to a separate immigration related

enhancement under USSG § 2L1.2(b)(1)(C)).

Indeed, *Johnson* and *Dimaya* do not invalidate Section 924(c)'s residual

clause.   *Johnson* addressed language in the ACCA broader than § 924(c) and

considered the impact of ACCA's enumerated offenses.   Section 924(c) also

addresses conduct specifically described within a statute, not a general definition

incorporated by reference, as analyzed in *Dimaya*.   As such, the language in

§ 924(c) is appropriate and valid.

In fact, the Supreme Court has held that language identical to § 924(c)(3)(B)

is narrower than language used in the ACCA's residual clause.   *See Leocal v.*

*Ashcroft*, 543 U.S. 1, 10, n. 7(2004) (comparing 18 U.S.C. § 16(b) with USSG

§ 4B1.2(a)(2), which has the same language as the ACCA residual clause):

*United States v. Serafin*, 562 F.3d 1105, 1108-09 (10th Cir. 2009) ("§ 924(c)(3)(B)

tracks identical language contained in 18 U.S.C. § 16(b)" which is "narrower" than

the definition for crime of violence used in § 924(e) and USSG § 4B1.2).

Section 924(c) is more narrowly crafted than the ACCA.   It focuses the

relevant risk on a narrower subject:   the more specific risk that physical force will

be used during the offense, rather than the general risk that injury might arise from

anything done by the defendant.   The latter risk covers a wider array of conduct

than the former.   *Serafin*, 562 F.3d at 1109 (emphasizing language from *Leocal*,

543 U.S. at 10 & n.7).   "Risk of physical force against a victim is much more

definite than risk of physical injury to a victim."   *United States v. Taylor*, 814

F.3d 340, 376-77 (6th Cir. 2016) (refusing to extend *Johnson* to § 924(c)).

Section 924(c) also has a temporal component that § 924(e) is lacking. The risk of

physical force in § 924(c) has to happen "during the course of committing the

offense."   *Serafin*, 562 F.3d at 1110.   These various limitations on § 924(c)

increases an offender's notice of what is a qualifying offense.

Furthermore, § 924(c)(3)(B) is distinguishable from §16(b) because

§ 924(c)(3)(B) is necessarily limited in its application to offenses that can only be

accomplished through possessing a firearm in furtherance of the offense.

18 U.S.C. § 924(c)(1)(A).    The required nexus between the "crime of violence"

and a firearm provides defendants with additional notice of circumstances that will

and will not qualify as a crime of violence.    In other words, unlike the ACCA's

residual clause, in which the "substantial risk" inquiry related "to the possible

effect of a person's conduct," the § 924(c)(3)(B) inquiry "relates to the use of

force" "in the commission of the offense.    *Leocal*, 543 U.S. at 7, 10.    Thus,

§ 924(c)(3)(B) does not go beyond "the physical acts that make up the crime."

*Johnson*, 135 S.Ct. at 2557.

      The structure of § 924(c)(3)(B) also differs from ACCA by omitting a

specific list of qualifying enumerated offenses.    *Johnson* addressed problems with

the ACCA that are not present in § 924(c)(3)(B), notably that the presence of

enumerated offenses was a determinative factor in considering "uncertainty about

how much risk it takes for a crime to qualify" under the residual clause and "forces

courts to interpret 'serious potential risk' in light of the four enumerated offenses."

*Johnson*, 135 S.Ct. at 2558 (citation omitted).    In fact, the Supreme Court in

*Johnson* distinguished other statutes requiring risk-based assessments in part

because they did not "link[ ] a phrase such as substantial risk to a confusing list of

examples."    *Id.*    No such concern is present in § 924(c)(3)(B) because there are

no enumerated offenses in statute.

Similarly, the Supreme Court's "repeated" inability to develop a "principled and objective standard" for analyzing the residual clause of § 924(e) in *Johnson* provided "evidence of its vagueness."   *Johnson*, 135 S. Ct. at 2558.   Indeed, the Supreme Court has not failed to construe § 924(c)(3)(B) in a workable way. Likewise, the defendant has not shown the same degree of confusion by lower courts about § 924(c)(3)(B) as about ACCA.

Furthermore, §16(b) in *Dimaya* is similarly distinguishable from § 924(c)(3)(B) because of the differences in its statutory construction and function. Section 924(c)(3)(B) does not identify predicate convictions for the purpose of a recidivist enhancement, which is the purpose of the immigration statute at issue in *Dimaya*; instead, it establishes a *new* offense when the crime of violence is perpetrated with a sufficient nexus to a firearm.   *Dimaya* addresses a general definition statute in the immigration context, different from the embedded nature of § 924(c)(3)(B).   These limitations present in § 924(c) narrows the possible predicate offenses and alleviates vagueness concerns expressed in both *Dimaya* and *Johnson*.

Lastly, Birdinground cannot bring a vagueness challenge because § 924(c)(3)(B) is not unconstitutionally vague as applied to him.   Under *Shepard v. United States*, 544 U.S. 13, 16 (2005), certain documents (*e.g.* an indictment,

transcript of jury trial, and any explicit factual finding by the trial judge to which Birdinground assented) can be used to show Birdinground was actually convicted of crimes of violence notwithstanding any broad language in the statute of conviction.   *See also Descamps v. United States*, ___ U.S. ___, 133 S.Ct. 2276 (2013).

For all of these reasons, § 924(c)(3)(B) is constitutional and *Johnson* has no impact.   Birdinground's motion should be denied.

## STATEMENT ON EVIDENTIARY HEARING

When considering a § 2255 motion, the district court shall hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.   A district court can forego an evidentiary hearing and instead rely on the record. *Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989).   Indeed, an evidentiary hearing is not required if Birdinground's allegations, "when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal."   *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003).

The United States asserts that a hearing is unnecessary to address Birdinground's motion.

## CONCLUSION

For the foregoing reasons, Birdinground's motion should be denied without

a hearing.

DATED this 4th day of August, 2016.

MICHAEL W. COTTER
United States Attorney


*/s/ Lori Harper Suek*
Assistant U.S. Attorney

## CERTIFICATE OF COMPLIANCE

Pursuant to D. Mont. L.R. 7.1(d)(2) and CR 47.2, the attached response is proportionately spaced, has a typeface of 14 points or more, and the body contains approximately 5066 words.

*/s/ Lori Harper Suek*
Assistant U.S. Attorney