THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>QUINTON BIRDINGROUND, JR.,<br><br>Defendant. | CR 03–017–BLG–SPW<br>CV 16–102–BLG–SPW<br><br>ORDER |

On September 1, 2023, Defendant Quinton Birdinground, Jr. filed a motion to reduce his federal sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 123; *see* Doc. 122 (Amnd. Judg.).) Birdinground is not currently in custody and his Bureau of Prisons self-report date has been stayed pending the resolution of this motion for compassionate release. (Doc. 127.) The government does not oppose a sentence reduction but requests the Court to impose an additional 60-month term of supervision, which is the approximate balance of his original term of imprisonment. (Doc. 129 at 9.) For the reasons stated below, Birdinground's motion is granted, and an additional term of supervised release will not be imposed.

## ANALYSIS

The First Step Act gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of

1

Prisons and the reduction: (1) is consistent with the applicable policy statements of the Sentencing Commission, (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a), and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). Because the Sentencing Guidelines have not been updated since the First Step Act was passed, "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam). Thus, this Court's decision turns on whether the defendant has presented extraordinary and compelling reasons for a reduction and whether that reduction comports with the objectives of § 3553(a). *See Keller*, 2 F.4th at 1284.

Here, Birdinground argues extraordinary and compelling reasons warrant a reduction in his term of imprisonment to time served. The United States agrees the "unique procedural landscape of this case" is an extraordinary and compelling reason to justify granting the defendant's motion. Because the Court finds a sentence reduction in this case is warranted, Birdinground's motion is granted.

I.   **Exhaustion of Administrative Remedies**

Generally, a defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the

lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, due to the unique factual and procedural circumstances of this case, the United States has waived its right to challenge Birdinground's motion for failure to exhaust administrative remedies. (*See* Doc. 129 at 2, n.1.)

## II.   Extraordinary and Compelling Reasons

While the First Step Act does not define "extraordinary and compelling reasons," the Sentencing Commission's nonbinding policy statements provide informative and illustrative examples of such reasons, including for prisoners with terminal medical conditions, advanced age, family circumstances, and a catch-all category of "other reasons," which can justify release in combination with or in addition to the other enumerated reasons. USSG §1B1.13, app. n.1(D). The district court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable." Limiting the court's discretion, "[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason." *United States v. Brooker*, 976 F.3d 228, 238 (2nd Cir. 2020) (quoting 28 U.S.C. § 994(t)).

Procedurally, this case is unique. In March 2004, a jury convicted Birdinground of second-degree murder, in violation of 18 U.S.C. §§ 1111 and 1153(a) (Count I); assault resulting in serious bodily injury, in violation of 18

3

U.S.C. §§ 113(a)(6) and 1153(a) (Count II); and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count III).  (Doc. 65 at 1.) He was sentenced to 168 months on Count I and 120 months on Count II, to run concurrently, and a mandatory consecutive 120 months on Count III, for a total of 288 months imprisonment.  (Doc. 65 at 2.)

In June 2016, Birdinground moved to vacate his firearm conviction under 28 U.S.C. § 2255, arguing his convictions no longer qualified as crimes of violence under § 924(c)(3)(A) after the United States Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015).  (*See* Doc. 86.)  On August 23, 2018, after granting Birdinground's motion, the Court resentenced him to 168 months on Count I and 120 months on Count II, to run concurrently, plus five years of supervised release.  (Doc. 99.)  Because Birdinground had already served more than 168 months, he was immediately released from custody and began serving his term of supervised release.  (Docs. 99, 101.)

The United States timely appealed.  (Doc. 104.)  More than four years later, on November 21, 2022, the Ninth Circuit reversed and remanded in light of its decision in *United States v. Begay*, 33 F.4th 1081, 1096 (9th Cir. 2022) (en banc) (holding that second-degree murder under § 1111(a) constituted "a crime of violence" for purposes of § 924(c)(3)), *cert. denied*, 143 S. Ct. 340 (Oct. 11, 2022). (Doc. 110; *see United States v. Birdinground*, 2022 WL 17090707 (9th Cir. 2022).)

4

Birdinground's petition for a writ of certiorari to the Supreme Court of the United States was denied on April 18, 2023, (Doc. 113). In accordance with the Ninth Circuit's mandate, on August 31, 2023, the Court reinstated Birdinground's conviction on Count III and resentenced him to serve the five-plus years remaining on his original sentence. (*See* Docs. 122; 123 at 12; 129 at 2.)

On August 22, 2023, Birdinground successfully completed his term of supervised release. (Doc. 120.) The parties agree that Birdinground has been rehabilitated. Throughout his term of supervision, Birdinground maintained a good relationship with his probation officer and committed no serious incidents of misconduct. (Doc. 108.) Birdinground had full-time employment, and his most recent employer describes him as an "extremely hard worker" who has "gone the extra mile to help get things done when he is at work." (Doc. 123-1 at 2.) Birdinground remarried four years ago and purchased a home in Billings with his wife, a certified nurse practitioner, with whom he is raising their three-year-old daughter. (Doc. 123-1 at 4.) Since his release, Birdinground has become an avid endurance runner and a spokesperson against drug and alcohol abuse in his community. (Doc. 123 at 4.) He has worked with fellow ex-convicts to help them turn their lives around, aspiring to show them that it "is possible to have a good job, home and family with a good way of life and not return[ ] to prison." (Doc. 123-1 at 4, 6.) Birdinground asserts, and the United States does not dispute, that returning

5

to prison would be devastating not only to Birdinground, but to his family and community as well. (*See* Docs. 123 at 17; 129 at 5.)

Accordingly, the unique factual and procedural circumstances of this case, including evidence of Birdinground's rehabilitation and genuine remorse, completion of his full term of supervised release without major incident, and the disruption that a purely punitive prison sentence would likely cause his family and community, all present extraordinary and compelling reasons for a sentence reduction.

## III. Section 3553(a) Factors

Nevertheless, demonstrating an extraordinary and compelling reason to reduce a sentence meets only one element of § 3582(c)(1)(A). To determine whether relief is appropriate, a court must also consider the federal sentencing objectives set forth in 18 U.S.C. § 3553(a). Pertinent factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range

and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

Birdinground's crimes are serious and horrific. Birdinground was 23 years old and intoxicated when he brought a loaded handgun into a home and fired a shot, which went through his girlfriend's hand and killed a man standing behind her. (Doc. 93 (PSR) at ¶ 21.) He had no criminal history at the time but, based on this conduct, his advisory guideline range was 135 to 168 months. (*Id.* at ¶ 88.) Birdinground received a 288-month sentence and served over 173 months. Birdinground's original sentence adequately reflected the seriousness of the offense, promoted respect for the law, and provided just punishment. It also served to deter criminal conduct and protect the public for the roughly 15 years that Birdinground was in custody, and it provided effective correctional treatment, particularly education and vocational training to Birdinground, who took full advantage of BOP programming while incarcerated.

Reducing Birdinground's sentence to the approximately 173 months he has served to date would not denigrate the seriousness of his crimes nor undermine respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A)–(C). Further incarceration now, after five years of successful reintegration into society, would be purely punitive, likely set back Birdinground's rehabilitation, and needlessly harm both his family and community—a result "totally at odds with the purposes that the criminal law

7

seeks to serve." *United States v. Austin*, 468 F. Supp. 3d 641, 645 (S.D.N.Y. 2020) (granting compassionate release to a defendant who had served eleven years of a fifteen-year sentence and two-and-a-half years at liberty before he was ordered to return to custody after the government's successful appeal of his "crime of violence" firearm conviction).

## IV. Additional term of supervision

The parties agree that Birdinground's motion for compassionate release should be granted. The question is whether the Court should order an additional term of supervised release. Birdinground has shown he can be a productive and respected member of his community. Birdinground successfully completed five years of supervised release on August 22, 2023.

In all candor to the parties, the Court visited with Birdinground's former supervising officer, USPO Kyle McCall about requiring additional supervision for Birdinground. The Court learned that Birdinground had been classified as low risk since February 23, 2019, resulting in USPO McCall only being required to conduct home visits two to four times per year. USPO McCall was conducting home visits two times per year. If Birdinground was required to complete additional supervised release, he would probably be placed on a higher risk level initially, just because that is how the system is set up. However, Birdinground's risk would be reassessed in two months and again in six months. It is likely that his risk classification would

8

be lowered after those assessments. If his risk classification was reduced to low-moderate risk, USPO McCall would be required to see him four to six times per year. If his risk classification was reduced to low risk, USPO McCall would be required to see Birdinground two to four times per year.

Birdinground did not have any positive urinalysis tests while on supervision previously. Therefore, there is no justification for any substance abuse treatment, or, for that matter, for urinalysis testing. Birdinground is employed and has housing. Birdinground has no programming needs.

The Court has read the letters from the victim's family and appreciates their concerns regarding Birdinground being unsupervised in the community. But, this is a unique case in that we have a five-year history of Birdinground being in the community and he has done extremely well. Granted he was on supervision, but for most of that time he was classified low risk and USPO McCall only saw him twice a year. Birdinground appears to be one of those rare defendants who has been rehabilitated while in prison and while on supervised release. The Court determines that additional supervised release is not warranted. The resources of the United States Probation Office can be better used elsewhere.

9

## CONCLUSION

Accordingly, IT IS ORDERED that the defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 123) is GRANTED.

IT IS FURTHER ORDERED that the government's request for an additional 60-month term of supervision is DENIED.

DATED this 17th day of October, 2023.

Susan P. Watters, District Judge
United States District Court